UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

       v.

CONTRACT FRAMING BUILDERS, INC.;
TRUST BUILDERS, INC.; HRB BUILDERS,
INC.; and MAURICIO BARBOSA BAIENSE,

                Defendants.

Civil Action No. 1:22-cv-10215

Injunctive Relief Sought

## COMPLAINT

1.    Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action because Defendants Contract Framing Builders, Inc.; Trust Builders, Inc.; HRB Builders, Inc.; and the owner of Contract Framing Builders, Inc., Mauricio Barbosa Baiense, have failed to pay their employees required overtime compensation and retaliated against certain of those employees in violation of the Fair Labor Standards Act of 1938 (the "FLSA" or "Act").

2.    The Secretary seeks to enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover wages that Defendants failed to pay their employees as well as liquidated damages and punitive damages, pursuant to the provisions of Sections 15(a)(2), 15(a)(3), 15(a)(5), 16(b), 16(c), and 17 of the Act, 29 U.S.C. §§ 215(a)(2), 215(a)(3), 215(a)(5), 216(b), 216(c), and 217.

1

3. The time period covered by this Complaint is November 10, 2017 to at least May 12, 2020.

## Jurisdiction and Venue

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

*Plaintiff Secretary of Labor*

6. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover back wages, liquidated damages, and punitive damages, and is the proper plaintiff for this action.

*Defendant Contract Framing Builders, Inc.*

7. Defendant Contract Framing Builders, Inc. ("Contract Framing") is a corporation with a business address at 407R Mystic Ave, Suite 34B, Medford, Massachusetts, 02155 within the jurisdiction of this Court.

8. Contract Framing has provided and provides construction and/or framing services in Massachusetts, including overseeing construction and/or framing projects.

9. Contract Framing has employed and employs employees listed in the attached Exhibit A, which is made a part of this Complaint.

10. Contract Framing has classified and classifies certain workers who perform framing-related work as independent contractors or subcontractors.

11. Contract Framing has employed and employs supervisors who oversee the work for which Contract Framing and its subcontractors are responsible.

12. Contract Framing is owned entirely by Defendant Mauricio Barbosa Baiense.

13. Defendant Mauricio Barbosa Baiense is the sole officer of Contract Framing.

14. The Contract Framing information on the Massachusetts Secretary of State's website lists Mauricio Barbosa Baiense's address as 18 Kilby Street, #3, Quincy, MA 02169.

*Defendant Trust Builders, Inc.*

15. Defendant Trust Builders, Inc. ("Trust Builders") is a corporation that had a business address at 407R Mystic Ave, Suite 34B, Medford, Massachusetts, 02155 within the jurisdiction of this Court.

16. Trust Builders has provided and provides construction, carpentry, and/or framing services in Massachusetts.

17. Trust Builders has employed and employs employees listed in the attached Exhibit A.

18. Trust Builders is owned entirely by Mauro Barbosa Baiense.

19. Mauro Barbosa Baiense is the sole officer of Trust Builders.

20. Mauro Barbosa Baiense is the brother of Defendant Mauricio Barbosa Baiense.

21. The Trust Builder's information on the Massachusetts Secretary of State's website lists Mauro Barbosa Baiense's address as 18 Kilby Street, #3, Quincy, MA 02169.

22. Trust Builders has classified and classifies certain workers who perform construction, carpentry, and/or framing-related work as independent contractors or subcontractors.

*Defendant HRB Builders, Inc.*

23. Defendant HRB Builders, Inc. ("HRB Builders") is a corporation with a business address at 407R Mystic Ave, Suite 34B, Medford, Massachusetts, 02155 within the jurisdiction of this Court.

24. HRB Builders has provided and provides construction and/or siding services in Massachusetts.

25. HRB Builders has employed and employs employees listed in the attached Exhibit A.

26. The sole officer and director of HRB Builders has been and is Helem Rocha Baiense.

27. Helem Rocha Baiense is the niece of Defendant Mauricio Barbosa Baiense and the daughter of Mauro Barbosa Baiense.

28. HRB Builders has classified and classifies certain workers who perform framing-related work as independent contractors or subcontractors.

*Defendant Mauricio Barbosa Baiense*

29. Defendant Mauricio Barbosa Baiense is the sole owner, officer, and director of Contract Framing.

30. Mauricio controlled which of Defendants' workers would work at what locations or work sites.

31. Mauricio had control over the work schedules of Defendants' workers.

32. Mauricio had the power to hire, and did hire, Defendants' workers.

33. Mauricio had the power to and did set the rates of pay or compensation for the workers who performed work for Defendants.

4

34. Mauricio has acted directly and indirectly in the interest of the corporate Defendants in relation to the corporate Defendants' employees, and, therefore is and has been an employer of those employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

<u>Defendants Are A Single Enterprise and Single or Joint Employer Engaged in Commerce</u>

35. At all times covered by this Complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

36. At all times covered by this Complaint, Defendants were a single employer under the integrated-enterprise test because they had common management, interrelated operations, and centralized control over labor and employee relations.

37. If Defendants were not a single employer, then Contract Framing, Trust Builders and HRB Builders jointly employed employees.

38. Defendants were involved in related construction, framing, carpentry, siding, and/or building work.

39. The corporate Defendants shared a single business address.

40. The owners of each of the corporate Defendants are members of the same family.

41. The corporate Defendants shared administrative workers.

42. The corporate Defendants shared vehicles.

43. The corporate Defendants shared the same payroll company.

44. The same workers were paid by more than one of the corporate Defendants.

45. When workers received payment from different corporate Defendants the workers' supervisors remained the same.

46. The corporate Defendants have had workers sign in and/or out of work on the same timesheet.

47. The owner of HRB Builders has collected the hours that the corporate Defendants' workers work.

48. Contract Framing has supervised or overseen work performed by Trust Builders and HRB Builders.

49. The owner of Trust Builders has performed supervision at Contract Framing work sites.

50. Trust Builders' work came exclusively through Contract Framing, which is to say that Trust Builders had no clients or work that was not associated with Contract Framing.

51. HRB Builders had no clients other than Contract Framing.

52. Trust Builders has provided workers to Contract Framing.

53. Trust Builders and Contract Framing have provided workers to HRB Builders.

54. Contract Framing has, at times, paid the owners of Trust Builders and HRB Builders with both payroll and non-payroll checks.

55. Defendant Mauricio Barbosa Baiense has had and has the authority to control labor or employment-related issues with respect to workers who perform work for any and all of the corporate Defendants.

56. Mauricio had the power to hire, and did hire, the corporate Defendants' workers.

57. Mauricio had the power to control and did control what workers would work for which of the corporate Defendants.

58. Mauricio set the rates of pay for the workers who performed work for the corporate Defendants or decided how they would be paid.

59. Mauricio had the power to control the work schedules of Defendants' workers.

60. Defendants' workers were economically dependent on Defendants.

61. Certain of the workers at issue in this case have worked for one or more of Defendants for years.

62. Defendants provided materials, and, in some cases, transportation to their workers.

63. Defendants compensated their construction or framing workers on an hourly basis.

64. The work of Defendants' construction, carpentry, siding, framing, and building workers was integral to Defendants' business.

65. Defendants employed the workers listed on the attached Exhibit A in the activities of their enterprise.

66. That enterprise was engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

67. Those goods that have been moved in or produced for commerce include Tyvek building wrap used in construction.

68. Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

<u>Defendants' Wage and Hour Practices</u>

*Defendants Willfully Failed to Pay Employees the Required Overtime Premium*

69. Defendants willfully failed to properly compensate approximately 78 employees for overtime hours worked.

70. Defendants paid those employees at rates less than one and one-half times the regular rates at which those employees were employed.

71. Defendants compensated employees with both payroll checks and non-payroll checks for up to 80 hours in a two-week pay period.

72. Defendants compensated employees additional amounts in cash.

73. Defendants' payments to employees for hours worked over 40 hours in a workweek did not include the overtime premium required by the FLSA.

74. Defendants failed to maintain complete and accurate records of payments made to or hours worked by employees.

75. Defendants' construction or framing workers generally worked approximately nine or nine and one-half hours per day from Monday to Friday, including lunch.

76. Defendants' construction or framing workers generally worked at least every other Saturday, also for approximately nine or nine and one-half hours.

77. Defendants' construction or framing workers generally worked approximately 45 to 47.5 hours one week and then approximately 54 to 57 hours the following week.

78. Some of Defendants' workers drove other of Defendants' workers to their job sites.

79. Those drivers were not compensated by Defendants for this driving work.

80. Defendants' overtime violations were willful because Defendants acted with reckless disregard for the requirements of the FLSA.

*Defendants Failed to Maintain Records Required by the FLSA*

81. Defendants violated the FLSA by failing to make, keep, and preserve adequate and accurate records for their employees.

82. Specifically, Defendants' records failed to show adequately and accurately the number of hours worked by employees.

83. Defendants' records fail to show adequately and accurately the compensation paid to employees, including cash payments.

*Defendants' Unlawful Retaliation*

84. Defendant Mauricio Barbosa Baiense or his agents instructed workers regarding what they should say to the Secretary's investigators during the course of the Secretary's investigation of Defendants.

85. Mauricio or his agents told workers to tell the Secretary's investigators false information, including about who they worked for, the date they began work, their rate of pay, and/or whether they worked overtime hours.

86. Mauricio's actions in these regards well might dissuade a reasonable worker from engaging in protected activity under the FLSA, such as speaking with the Secretary's investigators, filing an FLSA complaint with the Secretary, or participating in this litigation.

Statute of Limitations Tolling Agreement

87. On or about May 5, 2021, Defendant Mauricio Barbosa Baiense and Contract Framing entered into a statute of limitations tolling agreement with the Secretary.

88.     Under the terms of that statute of limitations tolling agreement, Mauricio and Contract Framing agreed that for purposes of the FLSA statute of limitations, this Complaint is deemed to have been filed 457 days before the actual date on which it was filed.

## COUNT ONE
### Violation of Sections 7 & 15(a)(2) of the Act—Failure to Pay Overtime

89.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

90.     Defendants violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks.

91.     Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Violation of Sections 11(c) & 15(a)(5) of the Act—Failure to Make & Keep Records

92.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

93.     Defendants failed to keep true and accurate records of the hours that each of their non-exempt employees worked in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## COUNT THREE
### Violation of Section 15(a)(3) of the Act—Unlawful Retaliation

94. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

95. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

96. Defendant Mauricio Barbosa Baiense has violated Section 15(a)(3) by retaliating against and intimidating employees because they engaged in the protected activity of communicating with or being about to communicate with the Department of Labor in connection with the Secretary's investigation of Defendants under the FLSA.

97. As a result of Defendant Mauricio's actions instructing workers to provide false information to the Secretary's investigators, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with the Secretary in FLSA investigations or litigation.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the Act as alleged, including doing so willfully. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act, including Sections 7, 11, 15(a)(2), 15(a)(3) and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period from November 10, 2017 to May 12, 2020, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages, and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after May 12, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A.

3. For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. An order awarding punitive damages for Defendants' retaliation against their employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

6. Awarding the Secretary the costs of this action; and

7. Granting such other and further relief as may be necessary and appropriate.

                          Seema Nanda
                          Solicitor of Labor

                          Maia S. Fisher
                          Regional Solicitor


                          Mark A. Pedulla
                          Counsel for Wage & Hour

                          */s/Theresa Schneider Fromm*
                          Theresa Schneider Fromm
                          Senior Trial Attorney
                          fromm.theresa@dol.gov
                          MA BBO No. 569240

                          U.S. Department of Labor
                          Attorneys for Plaintiff

                          Post Office Address:
                          JFK Federal Building—Room E-375
                          Boston, Massachusetts 02203
                          TEL: (617) 565-2500
                          FAX: (617) 565-2142

DATED: February 10, 2022