```
                United States District Court
                  District of Massachusetts
```

|  |  |
|---|---|
| MARTIN J. WALSH, *Secretary of Labor, United States Department of Labor*, <br><br> Plaintiff, <br><br> v. <br><br> CONTRACT FRAMING BUILDERS, INC., TRUST BUILDERS, INC., HRB BUILDERS, INC., and MAURICIO BARBOSA BAIENSE, <br><br> Defendants. | Civil Action No. 22-10215-NMG |

**ORDER**

**GORTON, J.**

Defendants Contract Framing Builders, Inc. ("Contract Framing"), Trust Builders, Inc. ("Trust"), HRB Builders, Inc. ("HRB"), and Mauricio Barbosa Baiense ("Baiense") (collectively, "the defendants") have failed to comply with the Default Judgment Order entered by this Court on August 16, 2022. See Docket No. 27. On February 14, 2023, this Court ordered defendants 1) to explain why they should not be held in contempt of court for failing to comply with the Default Judgment Order, and 2) to proffer "any and all evidence necessary to substantiate their assertions." See Docket No. 31.

Defendant Baiense filed a handwritten response on March 9, 2023, alleging that Contract Framing, Trust and HRB were out of business and asserting that he lacked funds to comply with the Default Judgment Order. See Docket No. 32.  Defendant Baiense did not dispute his noncompliance with the order or enclose any evidence or affidavit in support of his assertions.  Thus, he has not met his burden of showing that compliance with the Default Judgment Order would be financially impossible. See, e.g., Brock v. O'Brien Ambulance, Inc., No. 82-CV-1284, 1987 U.S. Dist. LEXIS 2780, at *8-9 (D. Mass. Mar. 23, 1987) (citations omitted).

Defendants are, therefore, ordered to submit documentation to the Court, on or before June 30, 2023, to substantiate: 1) the status and assets of Contract Framing, Trust and HRB, 2) the current assets, income and obligations of defendant Baiense; 3) a record of his financial transactions from the date of entry of the Default Judgment Order until the present, and 4) the purported impossibility of complying with this Court's Default Judgment Order.

Baiense has also moved the Court to appoint counsel in this civil matter due to his indigency.  The Court cannot assess defendant Baiense's financial status without the information described above, nor his indigency, and therefore his response,

which is construed as a motion for the appointment of counsel, is **DENIED without prejudice.**

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: May 1, 2023