United States District Court
District of Massachusetts

|  |  |
|---|---|
| MARTIN J. WALSH, *Secretary of Labor, United States Department of Labor*,<br><br>Plaintiff,<br><br>v.<br><br>CONTRACT FRAMING BUILDERS, INC., TRUST BUILDERS, INC., HRB BUILDERS, INC., and MAURICIO BARBOSA BAIENSE,<br><br>Defendants. | Civil Action No.<br>22-10215-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

As the Court has detailed in its prior orders, defendants Contract Framing Builders, Inc. ("Contract Framing"), Trust Builders, Inc. ("Trust"), HRB Builders, Inc. ("HRB"), and Mauricio Barbosa Baiense ("Baiense") (collectively, "the defendants") have failed to comply with the Default Judgment Order entered by this Court on August 16, 2022.

In light of such noncompliance, in May, 2023, this Court ordered defendants to substantiate: 1) the status and assets of Contract Framing, Trust and HRB, 2) the current assets, income and obligations of defendant Baiense, 3) a record of his financial transactions from the date of entry of the Default

-1-

Judgment Order until the present, and 4) the purported impossibility of complying with this Court's Default Judgment Order.

In response, defendant Baiense has instead moved to stay these proceedings in light of a parallel criminal proceeding against him in United States v. Mauricio Barbosa Baiense, Docket No. 22-CR-10148-WGY. Defendant asserts that he is unable to comply with the above-referenced Court Order without forfeiting his 5th Amendment right against self-incrimination.

In opposition, the Secretary of Labor contends that there is no apparent overlap between defendant's criminal and civil cases and that the public interest, the Secretary's interest and the interests of the workers who are owed back wages outweigh defendant's interest in a stay.

A federal court's "decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). Such discretion "should be invoked when the interests of justice counsel in favor of such a course." Id.

Factors bearing on a decision to stay parallel civil proceedings include:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the

> avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; . . . (v) the public interest . . . (vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

Id.

Courts also consider the extent to which issues in the criminal case overlap with issues in the civil case. See SEC v. TelexFree, Inc., 52 F.Supp.3d 349, 352 (D. Mass. 2014).

The Secretary of Labor asserts that there is insubstantial overlap between the civil case at bar and the parallel criminal proceeding. This case concerns the defendant's already adjudicated violations of the Fair Labor Standards Act, including failure to pay required overtime wages to employees, retaliation against employees and failure properly to maintain employment records. The Secretary of Labor avers that the criminal case relates to tax fraud and false statements made to the Occupational Safety and Health Administration but not to the defendant's pay practices.

The underlying conduct in each case may be distinct. However, Baiense is correct that attempting to substantiate "the purported impossibility of complying with this Court's Default Judgment Order" (i.e., attempting to establish why he cannot pay over $1.2 million in back wages) may involve production of

-4-

incriminating financial information in his criminal case concerning federal tax fraud.

The defendant's financial records are plausibly pertinent to the parallel criminal proceeding. Furthermore, the criminal trial is set for January 16, 2024, and is likely to be resolved in a timely manner. While the Secretary, the public and the aggrieved workers have a compelling interest in defendant's timely compliance with the default judgment, his Fifth Amendment right against self-incrimination in the pending criminal case must prevail.

## ORDER

For the foregoing reasons, defendant's motion to stay (Docket No. 34) is **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: September 12, 2023